*807 WERDEGAR, J., Concurring and Dissenting.
I concur in the majority opinion insofar as it holds the trial court correctly declined to apply Code of Civil Procedure[1] section 1268.310 literally under the unusual circumstances of this case. To do so would be to give appellant both the appreciation the property enjoyed between the 1969 occupancy date and the 1995 valuation date and the investment value of that inflated award over the same period, a result the statutes do not require and the Legislature could not have intended. I dissent, however, from the majority’s determination that interest should be awarded on the 1995 valuation of the property from the date on which appellant first asked the state to initiate eminent domain proceedings.
Rather, while retaining the 1995 valuation of the property for purposes of the principal award, I believe interest should be awarded from 1969 on the 1969 value of the property. By this means, the court would adhere to both section 1268.310, which requires interest from the date of possession, and section 1263.110, subdivision (a), which, as the majority points out, sets the date of valuation as November 16, 1995, the date on which the state made a deposit of probable compensation. (Maj. opn., ante, at p. 796.) While interest is ordinarily calculated on the actual valuation, here the parties’ delay has led to an extraordinarily long period between possession and judgment, such that the legislative intent is more closely effectuated by basing interest on the historical equivalent of that valuation—the property’s fair market value at the time of possession. Consequently, although this approach would depart slightly from section 1268.310’s command that interest be drawn on the “compensation awarded” (which, pursuant to §§ 1263.310 and 1263.320, presumably refers to the fair market value on the valuation date), it would adhere more closely to the legislative scheme than does the approach of the trial court and the majority opinion in disregarding section 1268.310 entirely.
The majority supports its contrary determination on grounds it remains “true to the legislative intent behind section 1268.310,” while avoiding the need for a remand for expert testimony “on the proper amount of compensation.” (Maj. opn., ante, at p. 806.) In my view, a reluctance to further prolong this litigation, although understandable, is insufficient justification for departing more than absolutely necessary from the express direction of the statute. Section 1268.310 expressly provides that interest shall be calculated from the date of possession—here, 1969. (See also Redevelopment Agency v. Gilmore (1985) 38 Cal.3d 790, 799 [214 Cal.Rptr. 904, 700 P.2d 794] [interest is constitutionally compelled as reimbursement for lost use of money due but not paid at the time of taking].) Unlike mediators and *808 arbitrators, who may legitimately be motivated to bring the parties’ dispute to a swift close and who have leeway in achieving a result roughly just to all parties, our responsibility is different; as this state’s highest court, our responsibility is to implement as closely as possible the Legislature’s valid statutory directives and, in so doing, to establish useful precedent for litigants and the courts. Neither that the parties in this case may have been dilatory in enforcing their rights nor that the judicial process is time-consuming justifies this court, out of expediency, to avoid its responsibility to the law.
Accordingly, I would remand the matter to the trial court for further proceedings to determine the property’s value in 1969 and recalculation of the interest on the basis of that value.
Kennard, J., and Chin, J., concurred.
Appellant’s petition for a rehearing was denied June 2, 2000. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.

All further statutory citations are to this code.